IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria M. Thompson, et al., | No. CIV 01-53-TUC-FRZ (BPV) |
| Plaintiffs, | **ORDER** |
| vs. | |
| City of Tucson Water Department, et al., | |
| Defendants. | |

### I. BACKGROUND

Pending before the Court is Plaintiffs' Motion for Attorney's Fees and Related Non-Taxable Expenses and Supplemental Motion for Attorney's Fees and Related Non-Taxable Expenses. United States Magistrate Judge Bernardo P. Velasco issued a Report and Recommendation on August 31, 2007. In that Report and Recommendation, Magistrate Judge Velasco recommended granting in part and denying in part the motions. The Report and Recommendation ultimately found that a 40% reduction in attorney's fees was appropriate in light of the limited degree of success in this case.

Pursuant to 28 U.S.C. §636(b), the Report and Recommendation stated that any party could file written objections to the Report and Recommendation within 10 days of being served with the Report and Recommendation, and that if objections are not timely filed, they may be deemed waived. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Plaintiffs filed objections to the Report and Recommendation. Defendants filed a response to Plaintiffs' objections; Defendants did not file any objections to the Report and Recommendation.

### II. STANDARD OF REVIEW

The Court reviews de novo the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the unobjected-to portions of the Report and Recommendation. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

### III. DISCUSSION[1]

#### A. Plaintiffs' Objections

Plaintiffs argue that the Magistrate Judge should not have reduced the fee award by 40%; rather, Plaintiffs contend that a fee reduction of no more than 10% is appropriate in light of the circumstances of this case. Plaintiffs primarily argue that there was a high degree of success in this case in light of the public purpose served by the lawsuit (i.e., issues related to safe public drinking water) and the fact that punitive damages were awarded. While the Court has considered these issues, the Court finds that a 40% reduction in fees is appropriate in light of the limited degree of success in this case. As Defendants correctly argue, Plaintiffs initially asserted 13 claims against 4 separate Defendants (i.e., 52 claims combined). The majority of those claims were dismissed at the summary judgment stage, and Plaintiffs only prevailed on one claim against one Defendant. The Magistrate Judge correctly addressed these issues and stated in relevant part:

> In *Hensley* the Supreme Court noted that the 'results obtained' was one factor that might lead the district court to adjust the presumptively reasonable lodestar calculation and that this factor 'is particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded only on some of his claims for relief." ' *Deukmejian*, 987 F.2d at 1404 (quoting *Hensley*, 461 U.S. at 434.). In that situation, two questions must be addressed. First did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award? *Hensley* at 434, 103 S.Ct. at 1940 . . . The Magistrate Judge finds that Plaintiffs' claims involve a common core of facts and legal theories, such that differentiating claims between those that were successful and those that were not is both impractical and unnecessary, and fails to consider the relative importance and interrelation of issues,

---

[1] As the Report and Recommendation throughly discusses the facts and law pertinent to the motions for attorney's fees, the Court will not repeat that entire discussion. Rather, the relevant facts and law will be addressed only to the extent necessary to resolve the specific objections filed by Plaintiffs.

1 as well as the extent to which efforts in advancing the unsuccessful claims were material and relevant to the successful claim . . . It is not enough however, under
2 *Hensley*, to be merely related, "[i]f ...a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times
3 a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, non-frivolous, and raised in good faith. ...Again, the
4 most critical factor is the degree of success obtained." *Hensley*, at 436, 103 S.Ct. at 1941 . . . Like *Dannenberg*, the Plaintiffs in this case were not successful in all of their
5 claims. Under *Dannenberg*, therefore, it would be erroneous for this Court to award plaintiffs the attorney's fees for all of the hours requested . . . *Hensely*, however,
6 contemplates such cases, such as the instant one, where "plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much
7 of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot
8 be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours
9 reasonably expended on the litigation." *Hensley*, at 434, 103 S.Ct. at 1940. Thus, in cases such as the one before the Court, *Hensley* leaves the determination to the court's
10 discretion, suggesting that "excellent results" result in full recovery or perhaps even an enhanced award, or, in the situation where only partial or limited success is achieved,
11 a reduction in the award, however, there is "no precise rule or formula for making these determinations. *The district court may attempt to identify specific hours that should be*
12 *eliminated, or it may simply reduce the award to account for the limited success*. The court necessarily has discretion in making this equitable judgment" *Hensely*, at 435-36,
13 103 S.Ct. 1940-41. (Emphasis added) . . . It seems evident that the majority of time spent in preparation for trial was fully reasonable, resulted in satisfactory results (an
14 award of both compensatory and punitive damages), and should not be reduced simply because the plaintiff failed to prevail on every claim that was submitted to the jury.
15 Plaintiff was also successful withstanding Defendants renewed motion for judgment as a matter of law, following jury disposition of this case. Plaintiff was, however,
16 unsuccessful in filing a motion to remand, as well as unsuccessful on administrative claims, and a majority of claims in the motion for summary judgment . . . Because the
17 Court is obliged to provide an explanation of its calculations, yet conscious of the Supreme Court's disregard for a direct mathematical approach comparing the total
18 number of issues in the case with those actually prevailed upon, the Court will provide the rationale for its final "discretionary" percentage cut of the fee . . . First, the Court
19 considers that, while roughly half of the attorney time logged in this case was spent, rather unsuccessfully, prior to the motion for summary judgment, roughly half of the
20 attorney time logged in this case was spent, rather successfully, after the motion for summary judgment. The Court begins, therefore, with a fifty percent reduction figure.
21 Thereafter, the Court considers that some of the attorney time logged prior to the motion for summary judgment was spent on issues that were ultimately intertwined or
22 related to successful issues, which would be roughly balanced with issues that were pursued after the motion which were ultimately unsuccessful. Bringing the figure full
23 circle, back to fifty percent . . . The Court adds ten percent back to the number to take into account the three additional factors . . . preclusion of employment, undesirability
24 of the case, and length of time, for a total reduction of forty percent of the lodestar figure . . . The Magistrate Judge notes that this is an *equitable* determination, not an
25 exact calculation, taken after a review of the entire record in this case, and also takes into account the Magistrate Judge's own experience in determining the appropriate
26 measure of success . . . Applying the percentage reduction above results in a final reduction of 40 percent of the lodestar figure. This equals $195,088.50 times 60%, or
27 $117,053.10.

28

1  *See* Report and Recommendation at 8-13; *see also Lytle v. Carl*, 382 F.3d 978, 989 (9th Cir. 2004)(affirming the district court's reduction of the attorney's fees award by approximately 25% due to limited success; Plaintiff failed to prevail on a majority of her original claims); *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994)(affirming the district court's reduction of the attorney's fees award by approximately 50% due to a limited degree of success; Plaintiff sued 5 defendants and obtained a judgment against only one defendant). Accordingly, Plaintiffs' objections are rejected.

**B. Remaining Issues**

As to the remaining issues that were not objected to by the parties, the Court has reviewed the entire record and concludes that Magistrate Judge Velasco's recommendations are not clearly erroneous. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

**IV. <u>CONCLUSION</u>**

Accordingly, IT IS HEREBY ORDERED as follows:

(1) United States Magistrate Judge Velasco's Report and Recommendation (Doc. #147) is **accepted and adopted**.

(2) Plaintiff's Motion for Attorney's Fees and Related Non-Taxable Expenses and Supplemental Motion for Attorney's Fees and Related Non-Taxable Expenses are **granted in part and denied in part; attorney's fees in the amount of $117,053.10 are awarded by the Court.**

(3) The Clerk of the Court shall enter judgment accordingly.

DATED this 27th day of September, 2007.

FRANK R. ZAPATA
United States District Judge